IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MATTHEW DOUGHTY,

                Plaintiff,                      ORDER

v.

                                    19-cv-529-wmc

DR. THOMAS GROSSMAN,

                Defendant.

*Pro se* plaintiff Matthew Doughty, a prisoner at New Lisbon Correctional Institution ("NLCI"), is proceeding in this lawsuit under 42 U.S.C. § 1983. In particular, the court granted Doughty leave to proceed against defendant Dr. Thomas Grossman on a claim that Grossman handled his total hip replacement surgery with deliberate indifference in violation of his Eighth Amendment and state law rights. Doughty has filed a motion for reconsideration of the court's previous order denying his motion for recruitment of counsel (dkt. #23), which the court is denying for the reasons that follow briefly.

As an initial matter, plaintiff requests that the court appoint him counsel, but this court does not "appoint" *pro bono* attorneys for litigants in plaintiff's circumstances, since the court lacks the authority to do so. Indeed, a *pro se* litigant does not have a right to counsel in a civil case, *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist pro se litigants in finding a lawyer to represent them. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). A party who wants assistance from the court in recruiting counsel must meet certain requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010).

Before a district court can consider such motions, it must first find that the plaintiff has made reasonable efforts to find a lawyer on his own and that they were unsuccessful or that he was prevented from making such efforts. *Jackson v. County of McLean*, 953 F.2d 1070 (7th Cir.

1992). To prove that he has made reasonable efforts to find a lawyer, a plaintiff must submit letters from at least three lawyers who he asked to represent him in this case and who turned him down, or, if such letters do not exist, an affidavit with the names, addresses and dates when he requested their assistance. Plaintiff has satisfied this first requirement. However, plaintiff's filings do not suggest that the legal and factual difficulty of this case exceed his abilities, at least at this point.

Plaintiff represents that he needs an attorney to litigate this case because he lacks adequate access to legal resources and his own legal resources, he does not understand how to conduct discovery, and this case involves complex medical issues that will require expert testimony. However, nearly all pro se litigants are untrained in the law and face similar limitations, and many of them are raising issues about medical care. There is no categorical rule that all prisoners challenging the adequacy of their medical care are entitled to counsel. *See Williams v. Swenson,* 747 F. App'x 432, 434 (7th Cir. 2019) (affirming district court's denial of request for counsel in medical care case); *Dobbey v. Carter*, 734 F. App'x 362, 364 (7th Cir. 2018) (same); *Romanelli v. Suliene*, 615 F.3d 847, 853 (7th Cir. 2010) (same). At this stage in this lawsuit, it is not apparent that plaintiff will need an expert to prove his claim against Grossman.

Furthermore, plaintiff has been able to adequately represent himself so far in this lawsuit. The court acknowledges that plaintiff's incarceration limits his access to legal resources, but unfortunately plaintiff's circumstances are typical of the numerous requests for counsel this court receives. Even more unfortunate is that this court simply lacks the resources to recruit counsel for every plaintiff who faces the challenge of litigating claims in federal court. This court has the ability to recruit counsel for just a handful of *pro se* plaintiffs per year. As a

result, it is *exceedingly* rare for the court to recruit counsel at any stage prior to trial. Given plaintiff's demonstrated ability draft a complaint, amended complaint, and prepare his pending motion that cites to the legal standards that apply to his claim, the court is not persuaded that recruitment of counsel is appropriate at this point in this lawsuit.

Moreover, this matter soon will be scheduled for a telephonic preliminary pretrial conference, during which Magistrate Judge Stephen Crocker will provide details about how this case will proceed, and subsequently issue an order that provides further guidance that will explain how plaintiff may gather evidence to prove his claims. Accordingly, the court is denying this motion without prejudice to plaintiff renewing it should the tasks associated with the prosecution of this case become unmanageable. If he decides to renew his motion, plaintiff should include evidence demonstrating that he first sought counsel on his own as well as specific details explaining the tasks he is unable to perform alone.

ORDER

IT IS ORDERED that plaintiff Matthew Doughty's motion for reconsideration (dkt. #23) is DENIED.

Entered this 10th day of November, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge