IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MATTHEW DOUGHTY,

                Plaintiff,                            ORDER

    v.

                                                  19-cv-529-wmc

DR. THOMAS GROSSMAN,

                Defendant.

*Pro se* plaintiff Matthew Doughty, a prisoner at New Lisbon Correctional Institution (NLCI), is proceeding in this lawsuit against defendant Dr. Thomas Grossman on a claim that Grossman handled his total hip replacement surgery with deliberate indifference, in violation of his Eighth Amendment and state law rights. Doughty has filed a motion to compel (dkt. 32), which I am denying because Grossman has now complied with Doughty's discovery requests.

Doughty asks that the court compel defendant to (1) respond to his first set of requests for admissions and (2) produce Doughty's medical records. Defendant claims that Doughty's motion is moot because on March 22, 2022, Dr. Grossman responded to both discovery requests. Dr. Grossman responded to the request for admissions on or about on May 17, 2022, and he responded to the request for production as soon as he was able to obtain the records. As to the medical records, defense counsel acknowledges that it had taken some time for him to obtain them and turn them over. He explains that because Dr. Grossman is now retired and thus does not have access to his records, he needed a signed medical record authorization from Doughty. Doughty turned over the signed authorization on March 27, 2022, and defense counsel received Doughty's records from Agnesian Healthcare on May 18, 2022. That day, defense counsel mailed Doughty a flash drive containing medical records from Agnesian

Healthcare and the Wisconsin Department of Corrections.

In reply, Doughty does not dispute that Dr. Grossman now has fulfilled his discovery obligations but complains about defense counsel's delay and wants assurance from the court that going forward defendant will timely respond to his discovery requests. He points out that even though the documents appear to have been printed off on March 23, 2022, counsel claims he did not receive them until May 18, 2022. Yet Doughty has not shown that the records printed off on March 23 were actually sent to defense counsel at that time, as opposed to the May date represented by defense counsel. Therefore, to the extent Doughty is asking the court to fault defendant for the timing of his discovery response, I see no basis to do so, although I expect defense counsel to continue to work diligently with Doughtly.

On that note, Doughty also complains that defense counsel turned over the records on a flash drive. It appears that using the flash drive is difficult because Doughty needs to use law library time to review the contents of the flash drive. According to Doughty, he is unable to confirm whether the flash drive actually contains the specific documents he requested because it contains thousands of pages and he has limited law library time. Although this is not a basis to grant Doughty's motion, I would encourage the parties to work together to ensure that Doughty can review the documents in a timely fashion; this may include defense counsel referring Doughty to the Bates numbers of the records that were the subject of Doughty's discovery requests. Additionally, if Doughty is unable to use the flash drive, then he should notify defense counsel, who may consider sending him paper copies of the records that were the subject of his discovery requests.

ORDER

IT IS ORDERED that plaintiff Matthew Doughty's motion to compel (dkt. 32) is DENIED.

Entered this 1st day of July, 2022.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge